UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


John R. Griffin, Jr.

    v.                                              Civil No. 15-cv-131-JL

David Dionne, Superintendent,
Hillsborough County Department of Corrections


**REPORT AND RECOMMENDATION**


    Before the court for preliminary review is pro se
petitioner John Griffin's petition for writ of habeas corpus
(doc. no. 1) filed pursuant to 28 U.S.C. § 2241.  The matter is
before the court to determine whether the petition is facially
valid and may proceed.  See Rule 4 of the Rules Governing
Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b)
(authorizing court to apply § 2254 Rules to § 2241 petitions).

    Griffin filed this petition while in pretrial detention at
the Carroll County Department of Corrections, awaiting the May
4, 2015, scheduled commencement of a jury trial on state felony
charges.  Griffin's petition challenges the validity of the
pending state prosecution.  Griffin asserts that he was
subjected to an unreasonable seizure and false arrest in
violation of his Fourth Amendment rights, that his former
counsel's unsuccessful litigation of a motion to suppress

manifested ineffective assistance of counsel, and that the trial court's orders denying Griffin's motion to suppress and two motions to reconsider the underlying order denying the motion to suppress, were error and involved judicial bias.  Griffin did not file an interlocutory appeal of those trial court orders.

In the § 2241 petition, Griffin seeks this court's review and reversal of the trial court orders relating to his suppression motion.  Griffin also seeks, among other things, dismissal of the pending indictments, and release from pretrial confinement.

A federal court may not intervene in ongoing state criminal proceedings, absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37 (1971).  Furthermore, in general, "[a] § 2241 habeas petition[er] must exhaust his available state court remedies."  Higgins v. Rhode Island, 187 F.3d 622, 1998 WL 1085812, at *2, 1998 U.S. App. LEXIS 26084, at *3 (1st Cir. Oct. 8, 1998) (citing Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973)).  Cf. Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358 (1st Cir. 1981) (§ 2241 allows court to grant writ before defendant has exhausted his claim at trial "only in unusual circumstances").

This case does not present any extraordinary circumstances,

warranting immediate review of the merits of Griffin's claims. The petition seeks federal court intervention in an ongoing state criminal proceeding, scheduled for trial beginning on May 4, 2015.  The state courts provide an adequate forum to hear Griffin's claims in the first instance.  Griffin's § 2241 petition should therefore be dismissed, without prejudice, as barred by the Younger abstention doctrine, and because Griffin has not exhausted his state court remedies.  See, e.g., Jordan v. Bailey, 570 F. App'x 42, 44-45 (2d Cir. 2014) (affirming dismissal of pretrial detainee's § 2241 petition based on Younger); Enwonwu v. Mass. Super. Ct., No. CIV.A. 12-10703-DJC, 2012 WL 1802056, at *3 n.7, 2012 U.S. Dist. LEXIS 68192, at *9 n.7 (D. Mass. May 16, 2012) ("Courts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on . . . claims of actual innocence, or due process violations, absent bad faith, harassment, or extraordinary circumstances.").

## Conclusion

For the foregoing reasons, the district judge should dismiss Griffin's § 2241 petition without prejudice.  Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice.  <u>See</u> Fed. R.
Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the District Court's
order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57
(1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617
F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

May 6, 2015

cc:  John R. Griffin, Jr., pro se